## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6565 | **DATE** | 1/4/2008 |
| **CASE TITLE** | Wendell C. Thompson (#30421) v. Patrick B. Perez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $ 12.50 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Kane County Jail. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                                                          Docketing to mail notices.

## STATEMENT

     Plaintiff Wendell C. Thompson is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 12.50. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

     Under 28 U.S.C. § 1915A(b)(1), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that on May 26, 2007, he was assigned to Cell J at Kane County Jail. After lights out, Plaintiff noticed that the clothes at the foot of his bed were soiled and saw a leak from the ceiling of the cell. He informed Ms. Tabula about the leak during her first round. He reminded her about the matter during her second round, and she told him she needed permission from a sergeant. During Ms. Tabula's third round, about an hour and a half after lights out, she told Plaintiff that he could move to another cell. Plaintiff told Ms Tabula that he would take his mattress and blanket and retrieve the rest of his belongings in the morning. Ms. Tabula told Plaintiff that he would not be moved if he did not take all his things. Plaintiff told Ms. Tabula that he was not taking everything and that she could throw the rest of his stuff away. She then slammed the gate and told Plaintiff that he was not moving. Because of the interruption and the water dripping on him, Plaintiff had about two hours of sleep.

The next morning, Mr. Griffin woke Plaintiff informing him that trays were outside. The cell door was popped and Plaintiff began bringing his things out. Ms. Tabula began yelling at Plaintiff, so he left some of his things inside the cell. When he asked when he could get the rest of his things, she said, "F___ it, your going to five o four." Plaintiff claims that Ms. Tabula lied on the ticket she wrote to make sure he was placed in segregation. Plaintiff seeks money damages of $210,000 for unsanitary conditions, unreasonable punishment, neglect, suffering, mental anguish, and emotional distress.

Because Plaintiff is a pretrial detainee, his claims regarding the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Conditions of confinement may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). The inmate must allege that the conditions of his confinement deprived him of the "minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, medical care, or safety. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (per curiam).

In the instant case, Plaintiff was given an opportunity to move about an hour and a half after he notified Ms. Tabula about the leak. He refused to take all his property and was then left in the cell the rest of the night. Although it was unpleasant to have water dripping from the ceiling, this was nothing more than a temporary inconvenience and not a violation of Plaintiff's constitutional rights. *See Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate's request for dry clothing and bedding, which was ignored for three days, was not actionable because it was a temporary inconvenience and was not compounded by a deprivation of other necessities.)

In *Holly v. Woolfolk*, 415 F.3d 678, 681 (7th Cir. 2005), the Seventh Circuit held that placement in pre-hearing segregation without a prior hearing did not violate a pretrial detainee's due process rights. Accordingly, Plaintiff's due process rights were not violated as a result of the pre-hearing placement in segregation. *See also Zarnes v. Rhodes,* 64 F.3d 285, 291 & n. 5 (7th Cir. 1995) (holding that segregation of detainee without a hearing did not violate due process where it was done for legitimate security reasons, and declining to hold that every placement in administrative segregation of a pretrial detainee constitutes punishment). Moreover, Plaintiff appears to claim that Ms. Tabula lied on the ticket, not that he was not accorded due process. It has long been held that when an inmate has been accorded due process in his disciplinary hearing, then his allegation that a disciplinary report was falsified does not state a claim. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984).

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).